THE POLYNESIA.*

(*District Court, E. D. New York.* March 31, 1883.)

BILL OF LADING—PERIL OF THE SEA—BURDEN OF PROOF.

The burden of proof is on a ship to show that damage to a cask, which formed part of its cargo, arose from a peril of the sea; and in the absence of testimony that the cask got loose during the voyage owing to heavy weather, or was stowed where it could have been injured by cargo that did get loose, or that it was not injured in discharging, the ship was held liable.

In Admiralty.

This was an action brought by Cohn, Lazarus & Co., of New York, against the steam-ship Polynesia, to recover damages alleged to have been caused to a cask of hair-bristles, shipped on said steam-ship at Hamburg, Germany, and transported to New York, arising from bad stowage and want of proper care on the part of those in charge of the steam-ship. The claimants alleged that if any such damage occurred it was due to a peril of the sea, and within the exceptions of the bill

*Reported by R. D. & Wyllys Benedict.

of lading. The stovedore who discharged the cask at New York was not produced as a witness.

*Abbett & Fuller*, for libelant.

*Ullo & Davison*, for claimant.

BENEDICT, J. The bill of lading, stating as it does that the cask therein described was in good order when shipped, coupled with proof that when the cask was delivered the head had been out and replaced, and some of the contents of the cask were missing, casts upon the ship the burden of showing that the bursting out of the head and consequent loss of contents from the cask arose from a peril of the sea. The only evidence tending to show this is testimony to the effect that heavy weather was experienced during the voyage, and that some barrels and boxes of the cargo got loose. There is no direct evidence that the cask in question got loose, or that it was stowed where it could have been injured by other cargo that did get loose, nor is there any testimony from which it can be properly inferred that such was the fact. For all that is proved, the injury to the cask may have been caused by a fall from the slings in discharging. In this state of the proofs, the right of the libelant to recover the damage caused by the breaking of the cask and loss of contents is clear.

Let a decree be entered for libelant. with an order of reference.